# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3813 | **DATE** | 2/27/2001 |
| **CASE TITLE** | Kendall-Jackson Winery, Ltd. vs. Leonard L. Branson, in his official capacity as Chairman of the Illinois Liquor Control Commission, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 3/29/01 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Judge & Dolph's Motion to Dismiss is granted insofar as Judge & Dolph is dismissed from the First and Second Claims for Relief. The Motion to Dismiss is denied as to the Third Claim for Relief. Kendall-Jackson's Motion to Strike is denied. Judge & Dolph shall file its responsive pleading on or before ten days from the date of this order. The case is set for status at 9:30 a.m. on March 29, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| ✓ | Notified counsel by telephone. | FEB 28 2001 date docketed | 96 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials | 01 FEB 28 PM 3:00 date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| KENDALL-JACKSON WINERY, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 99 C 3813 |
| v. | ) | |
| | ) | |
| LEONARD L. BRANSON, et al., | ) | Judge Joan B. Gottschall |
| | ) | |
| Defendants. | ) | |

DOCKETED
FEB 28 2001

## MEMORANDUM OPINION AND ORDER

This case began with the filing of a three count complaint by Kendall-Jackson Winery, Ltd. against the members of the Illinois Liquor Control Corporation and Wirtz Corporation, doing business as Judge & Dolph, Ltd. ("Judge & Dolph"). The first and second claims for relief sought declaratory relief and an injunction enjoining the enforcement of various provisions of the Illinois Wine and Spirits Industry Fair Dealing Act ("the Act") on the grounds that the Act violates the Contracts Clause and Commerce Clause of the United States Constitution. The third claim for relief sought a declaratory judgment "declaring the rights and obligations of Kendall-Jackson and Judge & Dolph with respect to Kendall-Jackson's termination of the parties' distributorship agreement," an issue then pending before the Liquor Control Commission pursuant to the challenged Section 35 of the Act. All three claims for relief appeared to seek relief against all defendants, although the prayer for relief, applicable to all three claims for relief, is more specific: a declaratory judgment that the Act is unconstitutional was sought as to *all* defendants; a declaratory judgment that Kendall-Jackson's distributorship agreement with Judge

& Dolph was terminable at will and was thus terminated by Kendall-Jackson lawfully appears to seek a declaration only respecting the relative rights of Kendall-Jackson and Judge & Dolph; and an injunction against enforcement of the Act was sought only against the Commissioners.

On January 3, 2000, on Kendall-Jackson's motion, this court issued a preliminary injunction against the members of the Liquor Control Commission enjoining them from enforcing the challenged provisions of the Act. The Commissioners declined to appeal. Judge & Dolph, however, which had been actively engaged in opposing the motion for preliminary injunction, did appeal, claiming that it was injured by the injunction, essentially because the injunction prevented the Commission from enforcing Judge & Dolph's rights under the Act. The Seventh Circuit rejected this argument and dismissed the appeal, holding that in view of the Commissioners' decision not to challenge the preliminary injunction, Judge & Dolph suffered no injury redressable on appeal: regardless of the outcome of the Judge & Dolph appeal, the Court of Appeals reasoned, the injunction would remain in place as to the Commissioners.

After the case was remanded to this court, Judge & Dolph filed a "Motion to Dismiss Pursuant to Rules 12 and 21," seeking to be dismissed from the two claims for relief challenging the constitutionality of the Act and requesting an order dismissing or staying the third count so that the state law issues relating to the parties' relationship could be resolved in a parallel action between Judge & Dolph and Kendall-Jackson (as well as Kendall-Jackson's current Illinois distributor) filed in April 2000 and currently pending in the Circuit Court of Cook County.

As a preliminary matter, the court must address Kendall-Jackson's Motion to Strike Wirtz Corporation's Motion to Dismiss. Kendall-Jackson argues that Judge & Dolph was required to

file a responsive pleading ten days after the issuance of the Seventh Circuit's mandate and failed to do so, that a motion to dismiss is not a responsive pleading and that since Judge & Dolph failed to include its dismissal argument in the Rule 12 motion it filed at the start of the case, it cannot seek dismissal now. Judge & Dolph responds that however it titled its pending Motion to Dismiss, its motion is actually a Rule 21 motion, and Rule 21 provides that parties can be dropped, and claims severed, at any time. The court agrees with Judge & Dolph that its motion is more in the nature of a Rule 21 motion than a Rule 12 motion and denies the motion to strike. Moreover, in light of the fact that Kendall-Jackson's complaint clearly seeks a declaratory judgment against Judge & Dolph on the constitutionality of the Act, and in light of the Seventh Circuit's decision that Judge & Dolph is not sufficiently aggrieved by this court's preliminary injunction to challenge it on appeal, the court believes that the posture of this case has changed sufficiently to justify allowing Judge & Dolph to file a late motion to dismiss addressed to the joinder issues in this case. The Motion to Strike is therefore denied.

Turning to Judge & Dolph's Motion to Dismiss, Kendall-Jackson takes the position that Judge & Dolph was never a party to its first and second claims for relief, the claims seeking to declare the Act unconstitutional and enjoin its enforcement, and therefore, there is nothing to dismiss. Kendall-Jackson's position is belied by its complaint, however, which plainly asks for "a declaratory judgment in its favor and *against all Defendants*, stating that the Illinois Wine and Spirits Industry Fair Dealing Act of 1999 violates (i) the Contracts Clause of Art. I, §10 of the United States Constitution; and (ii) the Commerce Clause of Art. I, §8 of the United States Constitution." Ver.Am.Comp. at 15 (emphasis added). In light of the decision of the Seventh

3

Circuit that Judge & Dolph cannot challenge the entry of an injunction against enforcement of the Act and the statements of Kendall-Jackson that it did not (and, by implication, does not) intend to seek relief against Judge & Dolph in its first and second claims for relief, the first and second claims for relief are dismissed as to Judge & Dolph.

Judge & Dolph further moves that the third claim for relief, seeking a declaratory judgment as to the right of Kendall-Jackson to terminate its distributorship agreement with Judge & Dolph, be dismissed, or alternatively stayed, based on the action pending between those parties in the Circuit Court of Cook County. The state court action, filed in April 2000 against Kendall-Jackson and various associated parties, claims that Kendall-Jackson terminated Judge & Dolph in retribution for Judge & Dolph's efforts in lobbying for the passage of the Fair Dealing Act, in violation of the covenant of good faith and fair dealing implied in all Illinois contracts and in violation of the parties' contract itself, which Judge & Dolph claims was terminable only for good cause. Judge & Dolph further asserts various fraud claims as well as claims of violation of the Illinois Franchise Disclosure Act. The issue of whether the contract between Kendall-Jackson and Judge & Dolph was or was not terminable at will prior to the passage of the Fair Dealing Act, the issue of state law as to which Kendall-Jackson seeks a declaratory judgment in its third claim for relief, is directly at issue in the state court action.

Judge & Dolph's argument with respect to the third claim for relief rests on *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). *Wilton* posed the question of under what circumstances a district court should stay or dismiss a declaratory judgment action pending before it "where another suit involving the same parties and presenting opportunity for ventilation of the same

state law issues is pending in state court." 515 U.S. at 283. The Court held, upholding the viability of the analysis of *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942), that in deciding whether to abstain from deciding a federal declaratory judgment action when a state court action involving the same issues is pending, the district court has substantial discretion and need not find "exceptional circumstances" such as are required for abstention under the doctrine of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). In addressing a request to abstain in a declaratory judgment action, the district court has broad discretion to consider a range of factors bearing on sound judicial administration. Judge & Dolph argues that the issue in both cases is whether Kendall-Jackson's termination of Judge & Dolph was lawful under Illinois law, and Kendall-Jackson's claim that there was no breach can be fully "ventilated" in the natural course of the state court proceedings. Further, Judge & Dolph argues, the presence of the third claim for relief, which will require extensive discovery to explore the nature of the parties' relationship, will slow down the resolution of the constitutional claims against the Commissioners. Moreover, Judge & Dolph asserts, if it is forced to litigate the declaratory judgment action in this forum, it will be forced to raise in defense other issues of Illinois law that have been raised in its state court action such as its state law claims that Kendall-Jackson's conduct violated the Illinois Franchise Disclosure Act and the Illinois Consumer Fraud and Deceptive Practices Act, as well as its claims based on equitable estoppel and unjust enrichment.

Kendall-Jackson properly points out that *Wilton* and *Brillhart* are distinguishable because in both cases, what was pending in federal court was only a preemptive declaratory judgment

5

action raising the same issues as were pending in state court; in this case, to the contrary, two significant federal constitutional claims are also asserted. Moreover, Kendall-Jackson argues, this court cannot decide one of those constitutional claims, the claim that Section 35 of the Act violates the Contracts Clause, without examining the pre-Act state of Illinois contract law and the issue of whether Section 35 had the effect of retroactively altering the parties' contractual relationship. Indeed, Kendall-Jackson's standing to assert its Contracts Clause violation claim against the Commissioners depends on whether its relationship with Judge & Dolph was altered by the passage of the Act.

What the parties have only glancingly addressed, and the issue on which the motion to stay or dismiss largely depends as the court sees it, is whether the claims in this case are properly joined under Rule 20. ("All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.") The complaint in this case, as discussed above, appears to seek declaratory relief against all defendants on Kendall-Jackson's constitutional claims and arguably also in its request for a declaratory judgment as to the lawfulness of Kendall-Jackson's termination of its relationship with Judge & Dolph; that is, after all, the issue that under the Fair Dealing Act the Commission had the authority to decide but which the Commission, at least as of the time this action was filed, was not taking any steps definitively to resolve. However the case looked at the outset, after the Seventh Circuit's opinion and the parties' briefs on the pending motions, the case now appears to be made up of two constitutional claims asserted only against the Commissioners and one state law claim asserted

only as to Judge & Dolph.

Looking at the "transaction or occurrence" at issue as Kendall-Jackson's termination of the distributorship agreement and Judge & Dolph's attempt to block the termination by invoking its rights under the Fair Dealing Act, and given that the Contracts Clause claim against the Commissioners and the declaratory judgment claim on the lawfulness of the termination both involve the issue of whether the Fair Dealing Act impaired Kendall-Jackson's and Judge & Dolph's contract rights, it appears that these defendants are properly joined. Given that these claims are properly joined, the court concludes that whether it applies the liberal standard of *Wilton* or the strict standard of *Colorado River*, the result should be the same: this court cannot escape the obligation to decide the state law issues raised by the third claim for relief because they are integral to the resolution of the Contracts Clause claim; that being the case, staying or dismissing the claim that directly presents that issue makes little sense. This court would either have to delay deciding the Contracts Clause claim until the state court resolved the state law contracts issues, creating the precise delay the avoidance of which is one of Judge & Dolph's key arguments for staying or dismissing the third claim for relief, or it would have to proceed to resolve the issue[1], thus creating the risk of inconsistent adjudications which is the strongest argument Judge & Dolph raises in favor of a dismissal or stay. The bottom line is that given that this court must resolve the Contracts Clause issue, and given that it does not see how it can resolve the Contracts Clause issue without resolving the issues of state law raised by the third

---

[1] The court observes that were it to dismiss the third claim for relief and proceed to decide the state law contract issues necessary to a resolution of the Contracts Clause claim, the joinder of Judge & Dolph would in all likelihood be required under Rule 19, since it would be Judge & Dolph's contractual rights that would be at issue.

7

claim for relief, dismissal or stay serves no useful purpose.[2]

Nor do the other factors relevant to any abstention analysis--the convenience of the alternative forums, the relative progress of the two cases (this court has already addressed the state law issues in the course of deciding the motion for a preliminary injunction), the order in which the cases were filed--argue in favor of dismissing or staying the Kendall-Jackson/ Judge & Dolph dispute. While a state law determination that Illinois contract law was not changed by passage of the Fair Dealing Act could moot the Contracts Clause issue before this court, this court, having examined that law in the course of deciding the preliminary injunction motion, finds the likelihood of that result remote at best. And while the joinder by Judge & Dolph of all its state law defenses could theoretically enmesh this court in difficult issues of state law (although not having examined those issues, the court has no reason to believe they would be particularly difficult or complex), the issue of state law which this court must decide, the issue currently raised by the third claim, is not complex or difficult.

Accordingly, even if the broad discretionary standards of *Wilton* are applicable, the court would decline to dismiss or stay the third claim for relief.

Judge & Dolph's Motion to Dismiss is granted insofar as Judge & Dolph is dismissed

---

[2] The various cases Judge & Dolph cites in which federal courts stayed pending civil rights actions until underlying state law claims could be resolved in pending state actions, such as *Lumen Construction, Inc. v. Brant Construction Co.*, 780 F.2d 691 (7th Cir. 1986), are not analogous. In those cases, the federal and state claims represented duplicative salvos involving most of the same parties growing out of essentially state law disputes. In *Lumen*, for instance, the court noted that while there were a few additional parties in the federal court case, the district court could reasonably have concluded that there was "a substantial likelihood" that all the federal claims would be resolved by resolution of the state court case. 780 F.2d at 695. In this case, Kendall-Jackson's claims against the Commissioners are properly in this court, are not part of the state court action and are not likely to be resolved by the state court action.

from the First and Second Claims for Relief. The Motion to Dismiss is denied as to the Third Claim for Relief. Kendall-Jackson's Motion to Strike is denied. Judge & Dolph shall file its responsive pleading on or before ten days from the date of this order. The case is set for status at 9:30 a.m. on March 29, 2001.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: February 27, 2001