# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3813 | **DATE** | 9/11/2001 |
| **CASE TITLE** | Kendall-Jackson Winery, Ltd. vs. Leonard L. Branson, in his official capacity as Chairman of the Illinois Liquor Control Commission, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The defendant Wirtz Corporations' Motion for Reconsideration [103] is denied.

(11) ☐ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

number of notices

SEP 17 2001
date docketed

docketing deputy initials

Document Number

111

courtroom deputy's initials

FD-7
FILED FOR DOCKETING
01 SEP 14 AM 8: 53
Date/time received in central Clerk's Office

date mailed notice

mailing deputy initials

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION



| | | |
|---|---|---|
| KENDALL-JACKSON WINERY, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 99 C 3813 |
| v. | ) | |
| | ) | |
| LEONARD L. BRANSON, et al., | ) | Judge Joan B. Gottschall |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Wirtz Corporation has moved to reconsider this court's decision of February 27 denying its motion to dismiss or stay Count III of the Verified Amended Complaint. In Count III, Kendall-Jackson requests a declaratory judgment determining its rights and obligations under its liquor distributorship agreement with Wirtz, a claim arising under state law. The court denied Wirtz' motion to dismiss or stay on the grounds that Count I of Kendall-Jackson's complaint, which seeks a declaration that Chapter 35 of the Illinois Wine and Spirits Industry Fair Dealing Act ("the Act") violates the Contracts Clause of the United States Constitution, requires for standing purposes a finding that Chapter 35 altered the parties' contractual relationship, the precise subject matter of Count III. Hence, a determination of the issues raised by Count I would necessarily require the resolution of the issues raised by Count III. For this reason, the court ruled that this case differs from those cited by Wirtz, such as *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), and *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942), holding that a federal court should stay or dismiss a state-law-based declaratory judgment action pending before it when the same parties and same issues are involved in a pending state court action.

Wirtz' motion for reconsideration was provoked by an announcement by counsel for

the Liquor Control Commissioners, the defendants in Counts I and II, at a status hearing on March 29, that "the State really would not oppose you [the court] making that [the preliminary injunction] a final injunction." Wirtz argues the Commissioners have thus conceded and that with Counts I and II resolved by virtue of this concession, there is no reason for the court to maintain jurisdiction over the only claim left, the state law declaratory judgment claim. Hence, Wirtz argues, whether or not the court was initially correct in concluding that this case, because of the interrelationship of its constitutional claims and the state declaratory judgment claim, was unlike such cases as *Wilton* and *Brillhart*, those cases now require that the state claim be dismissed or stayed because the constitutional claims are gone from this case.

The Commissioners' statement that the State "would not oppose" the entry of a permanent injunction, however, does not terminate the constitutional claims in this case. The failure of a party to oppose a resolution of a claim by the court in favor of the party's opponent, without more, does not empower the court to resolve the claim on the merits against that party. *See P.S. Johnson v. Gudmundsson*, 35 F.3d 1104, 1116 (7th Cir.1994). The court must still resolve the merits of the constitutional claims and it must do so by making whatever findings of fact and conclusion of law are necessary to the resolution of that claim on the merits. In this case, in order to enter a final injunction against the enforcement of the Act, the court must find on the merits that the Act is unconstitutional.[1]

Nor have the Commissioners settled their dispute with Kendall-Jackson. Rather, they

---

[1] This case is thus different from *Alliance to End Repression v. City of Chicago*, 820 F.2d 873 (7th Cir. 1987), in which the defendants consented to entry of an injunction and agreed to pay the plaintiffs all they wanted in damages, but the plaintiffs held out for a declaratory judgment. The Commissioners' statement that they "would not oppose" the entry of an injunction is not equivalent to a consent decree.

2

have merely stated that the State will not oppose the entry of an injunction if the court decides to order one. Moreover, Kendall-Jackson has not merely sought an injunction against the enforcement of the Act against it, but it has also sought a declaration that the Act is unconstitutional. The commissioners have not suggested a willingness to acquiesce in the entry of such a declaratory judgment.

In short, contrary to Wirtz' argument, the court does not believe that the Commissioners' counsel's statement that the "State would not oppose" the entry of a permanent injunction settles the constitutional claims in this suit. Absent a settlement agreement or the presentation of a stipulated consent decree, the court must take action to resolve the claims pending in Counts I and II. The fact that the Commissioners will not oppose the court's action may simplify and expedite it, but it does not spare the court the task of resolving the merits of these claims. It must make findings of fact and conclusions of law sufficient to support a permanent injunction or the relief requested must be denied.

The motion for reconsideration is denied.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: September 11, 2001